# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL MOSLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-6259** |
| **N. BURL CAIN, WARDEN** | **SECTION "A"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE**.

**PROCEDURAL HISTORY**[1]

On September 9, 2002, petitioner, Michael Mosley, a prisoner incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, was charged by bill of information with armed robbery in violation of La. R.S. 14:64. A trial begun in Orleans Parish Criminal District Court on August 18, 2003, was declared a mistrial on August 20, 2003. A second trial commenced on August 21, 2003, and, on August 22, 2003, a twelve-person jury adjudicated petitioner guilty as charged.

The trial court sentenced petitioner, in connection with the jury's guilty verdict, to the maximum sentence of ninety-nine years imprisonment. Defense counsel filed a motion to reconsider the sentence. The trial court, however, deferred ruling on defense counsel's motion.

Following the jury's guilty verdict, the State filed a multiple bill against petitioner, charging him as a second-felony offender. Pursuant to the State's multiple bill, a hearing was held wherein a fingerprint expert testified that the fingerprints taken from petitioner in court matched those on the arrest register from petitioner's simple robbery guilty plea in 1999.

On September 10, 2003, the trial court adjudicated petitioner to be a second felony offender. At that time, petitioner's earlier sentence was vacated and he was

---

[1] A portion of the procedural history is taken from the Louisiana Fourth Circuit Court of Appeal's opinion, *State v. Mosley*, No. 2003-KA-1947, 872 So.2d 1220 (La. App. 4 Cir. 2004).

resentenced, as a multiple offender, to ninety-nine years imprisonment. Defense counsel did not object to or seek reconsideration of the ninety-nine year sentence petitioner received as a second-felony offender.

On direct appeal, petitioner complained that his ninety-nine year sentence was unconstitutionally excessive.[2] On April 14, 2004, the Louisiana Fourth Circuit Court of Appeal, finding that petitioner was "precluded from raising an objection to the sentence on appeal", affirmed petitioner's conviction and sentence. *Mosley*, 872 So.2d at 1221. On November 8, 2004, the Louisiana Supreme Court denied petitioner's writ application, *State v. Mosley*, 887 So.2d 448 (La. 2004), and on February 25, 2005, denied petitioner's motion for reconsideration. *State v. Mosley*, 894 So.2d 1133 (La. 2005).

Following the conclusion of his direct appeal proceedings, petitioner sought post-conviction relief. On April 14, 2005, the state district court denied petitioner post-conviction relief.[3] On June 23, 2005, the Louisiana Fourth Circuit Court of Appeal, finding "no error in the trial court's judgment", denied petitioner's writ application. *State v. Mosley*,

---

[2]Because petitioner challenged only his ninety-nine year sentence, rather than the facts established at trial which led to the jury's finding that he was guilty of armed robbery, the state appellate court specifically noted that "[t]he facts are not at issue in this appeal" and, as such, did not include, in its opinion, any discussion regarding the testimony offered at trial. *See Mosley*, 872 So.2d at 1221.

[3]A copy of district court's decision in this regard is contained in the State rec., vol. 4 of 4.

No. 2005-K-0841 (La. App. 4 Cir. 2005) (unpublished opinion).[4] On April 17, 2006, the Louisiana Supreme Court also denied petitioner post-conviction relief. *State ex rel. Mosley v. State*, 926 So.2d 507 (La. 2006).

On September 13, 2006, petitioner filed the instant federal habeas corpus petition, raising the following claims: 1) He was denied effective assistance of counsel because he was denied his right to testify; 2) He was denied effective assistance of counsel by virtue of his counsel's failure to object to his absence during critical stages of the trial; 3) His constitutional rights were violated by virtue of his absence during critical stages of the trial; 4) He was denied effective assistance of counsel due to counsel's failure to object to and/or file a motion for reconsideration in connection with the ninety-nine year sentence imposed upon petitioner as a multiple offender on September 10, 2003;[5] 5) His constitutional right to effective assistance of counsel on appeal was violated when his appellate counsel failed to raise meritorious claims on appeal; and, 6) He was denied effective assistance of counsel as a result of counsel's failure to sufficiently communicate with him and meet with him from the time counsel was appointed to represent him up through the conclusion of his trial. In its response, the State does not contest the fact that the instant action is timely and

---

[4]A copy of the state appellate court's unpublished decision is contained in the State rec., vol. 4 of 4.

[5]While this claim is not included in petitioner's listing of issues (rec. doc. 1, p. 4), it is included in the body of petitioner's supporting memorandum (rec. doc. 1, pp. 24-28).

that petitioner has exhausted his state court remedies as required under *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Accordingly, this court shall proceed to set forth its standard of review, then address the merits of petitioner's claims.

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably

applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams[ v. Taylor*, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also Hill*, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

## **ANALYSIS**

### **A. Ineffective Assistance of Trial Counsel/Absence During Critical Stages of Trial (Claims 1, 2, 3, 4 and 6)**

Petitioner claims that his trial counsel was ineffective in the following respects: a) Counsel did not allow him to testify on his own behalf; b) Counsel failed to object to his client's absence from the courtroom during critical stages of the trial; c) Counsel failed to object to and/or file a motion for reconsideration in connection with the ninety-nine year sentence imposed upon petitioner as a multiple offender on September 10, 2003; and, d) Counsel failed to properly communicate and meet with petitioner prior to and during trial.

The seminal case for adjudicating a habeas petitioner's ineffective assistance of counsel claim is *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984), which places on petitioner the burden of demonstrating not only that his

counsel's performance was deficient, but also that he was prejudiced as a result of counsel's deficient performance. If a court finds that a petitioner has made an insufficient showing as to either one of the two prongs of inquiry, it may dispose of the claim without addressing the other prong. *Id*.

Under the deficient performance prong of the *Strickland* test, "... it is necessary to 'judge...counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993), quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. A counsel's decision regarding whether to place a criminal defendant on the witness stand "is a 'judgment call' which should not easily be condemned with the benefit of hindsight." *United States v. Garcia*, 762 F.2d 1222, 1226 (5th Cir. 1985). "'An attorney's performance, which enjoys a strong presumption of adequacy, is deficient if it is objectively unreasonable." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996), quoting *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995), *cert. denied*, 519 U.S. 1142, 117 S.Ct. 1017, 136 L.Ed.2d 893 (1997). To prove prejudice under the *Strickland* standard, a petitioner "... must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Petitioner contends that he received ineffective assistance of counsel because counsel "rested" his defense without petitioner's permission and without providing petitioner

7

with an opportunity to testify. Petitioner states that he informed counsel that he wanted to take the witness stand to refute the state witnesses' identification of him as the perpetrator and to testify with respect to where he was when the robbery took place, but counsel never gave him a chance. According to petitioner, when an attorney prevents a defendant from testifying even though the defendant has unequivocally expressed his desire to do so, then one can conclude that the defendant has been "denied a fundamental right" and has suffered "detrimental prejudice."[6]

"A criminal defendant has a constitutional right to testify in his own behalf; it is an aspect of his right to defend himself, a right held in *Rock v. Arkansas*, 483 U.S. 44, 51-53, 107 S.Ct. 2704, 2709-10, 97 L.Ed.2d 37 (1987), to be implicit in the Fifth, Sixth and Fourteenth Amendments." *Underwood v. Clark*, 939 F.2d 473, 475 (7th Cir. 1991) (citations omitted); *see also White v. Cain*, 2006 WL 3703240, *4 (E.D. La. Dec. 11, 2006). A habeas petitioner, however, has the burden of proving that he was denied this constitutional right. As the court explained in *Turcios v. Dretke*, 2005 WL 3263918, *6 (S.D.Tex. Nov. 29, 2005), "a petitioner in a habeas proceeding cannot prevail on such a claim merely by stating to the habeas court that he told his trial attorney that he wished to testify and that his attorney forbade him from taking the witness stand. *Underwood v. Clark,* 939 F.2d 473, 475-76 (7th Cir. 1991)." The *Underwood* court specifically noted the potential problem posed if a habeas

---

[6]Rec. doc. 1, p. 12.

petitioner, arguing that counsel unconstitutionally denied him his right to testify, is not required to satisfy his burden of proof.

> There is grave practical difficulty in establishing a mechanism that will protect a criminal defendant's personal right (that is, a right not waivable by counsel) to testify on his own behalf without rendering the criminal process unworkable. It is extremely common for criminal defendants not to testify, and there are good reasons for this, as we have seen. Yet it is simple enough after being convicted for the defendant to say, "My lawyer wouldn't let me testify. Therefore I'm entitled to a new trial." That's what Underwood did. His affidavit, which is the only evidence bearing on the question, states, so far as pertinent here, "I was denied the opportunity to testify at my own trial in that I told my attorney that I wished to testify on my own behalf. My attorney told me I could not testify."
> We agree with the First Circuit's ruling in *Siciliano v. Vose*, 834 F.2d 29, 31 (1st Cir. 1987), that this barebones assertion by a defendant, albeit made under oath, is insufficient to require a hearing or other action on his claim that his right to testify in his own defense was denied him. It just is too facile a tactic to be allowed to succeed. Some greater particularity is necessary-and also we think some substantiation is necessary, such as an affidavit from the lawyer who allegedly forbade his client to testify-to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim.

*Underwood*, 939 F.2d at 475-76.

In the instant matter, there is no evidence to prove petitioner's claim other than his statement to the effect that defense counsel denied him his constitutional right to offer testimony at trial. "Standing alone, such self-serving statements cannot be allowed to succeed or the criminal judicial process would become unworkable." *Turcios*, 2006 WL at *6, citing *Underwood*, 939 F.2d at 475-76. Accordingly, the court finds that petitioner has failed to meet his burden to establish that he is entitled to habeas corpus relief.

Next, petitioner claims that his constitutional rights were violated as a result of his alleged absence from court during critical stages of the trial, in particular, the time when the jury's verdict was rendered. However, as the state district court noted in addressing this matter in connection with petitioner's application for post-conviction relief, "[t]here is nothing in the record to support the defendant's claim that he was not present during critical stages of the trial." With regard to petitioner's specific claim that he was not present when the jury's verdict was read, the district court reiterated that "there is nothing in the record to support this claim."[7] This court's review of the trial transcript reflects that the state district court's conclusion is correct. There is no evidence reflecting that petitioner was not present during any critical stage of the trial, including when the jury rendered its guilty verdict.[8]

Petitioner also argues that counsel was ineffective due to his failure to object to or file a motion for reconsideration in connection with the ninety-nine year sentence imposed by the district court on September 10, 2003, following his adjudication as a second-

---

[7]A copy of the district court's opinion is contained in the State rec., vol. 4 of 4.

[8]In his objections (doc. 12, p. 2), petitioner states that he "has put forth sufficient fact [sic] that he was not present during the rendering of the verdict by specifically pointing to [a] reference in the record (T. Tr. P. 831(6))." However, there is no page 831(6) or even a page 831 in the trial transcript. Instead, petitioner's reference is probably to La.C.Cr.P art 831A(6) which provides that a defendant charged with a felony shall be present "[a]t the rendition of the verdict".
There is no question that, as set forth in Article 831A(6), petitioner had a right to be present when the jury rendered its verdict. The problem in this case arises due to the fact that petitioner has failed to show that he was not present in court when the jury rendered its guilty verdict.

felony offender. Petitioner complains that as a result of counsel's failure in this regard, he was precluded from attacking the excessiveness of the sentence on appeal.

A review of the record reflects that the State, following the jury's August 22, 2003 guilty verdict, filed a multiple offender bill against petitioner.[9] The trial court, in connection with the State's multiple bill, conducted a hearing on September 10, 2003, and adjudicated petitioner to be a second-felony offender. Thereafter, the court vacated petitioner's original sentence and resentenced petitioner as a second-felony offender, *see* La. R.S. 15:529.1, to a term of imprisonment of ninety-nine years, the same term which the court imposed in connection with petitioner's original sentence.[10]

Petitioner claims that the ninety-nine year sentence he received following his adjudication as a second-felony offender was unconstitutionally excessive. The Supreme Court, however, has specifically rejected the principle that the Eighth Amendment contains a proportionality guarantee. *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).[11] If a sentence is within the statutory limits, a federal habeas court will not upset the terms of that sentence unless it is so disproportionate to the offense as to be

---

[9]State rec., vol. 2 of 4, p. 246.

[10]State rec., vol. 2 of 4, p. 254.

[11]In *Harmelin*, 501 U.S. at 962, 111 S.Ct. at 2684, quoting *Rummel v. Estelle*, 445 U.S. 263, 274, 100 S.Ct. 1133, 1139, 63 L.Ed.2d 382 (1980), the Supreme Court reaffirmed that "'for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative.'"

completely arbitrary and shocking. *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975); *see also Smallwood v. Johnson*, 73 F.3d 1343, 1347 (5th Cir. 1996) (emphasizing that a federal court will not review a state sentencing without a threshold showing that the sentence is "grossly disproportionate to the offense").

In the instant matter, the ninety-nine year sentence imposed upon petitioner as a second-felony offender was well within the statutory limits. Under the provisions of La. R.S. 15:529.1(A)(2)(a), petitioner could have received a maximum sentence of 198 years. Accordingly, the court finds that petitioner's sentence was not unconstitutionally excessive.

As petitioner's sentence was not excessive, petitioner clearly was not prejudiced by counsel's failure to object to or file a motion for reconsideration in connection with said sentence. Therefore, petitioner has failed to satisfy his burden of proof in connection with his ineffective assistance of counsel claim.[12]

Finally, petitioner argues that his trial counsel was ineffective due to his failure to initiate sufficient contact with petitioner to facilitate effective communication for the

---

[12] Alternatively, petitioner suggests that a challenge to his ninety-nine year sentence is premature "because the district court has not ruled upon [his] motion to reconsider the sentence. Hence, a remand for a ruling is a prerequisite to appellate review of this issue by the court." Rec. doc. 1, pp. 26-27. Though not specified by petitioner, the motion to reconsider sentence to which he is referring is the motion for reconsideration which counsel filed on petitioner's behalf in connection with the district court's initial imposition of a ninety-nine year term of imprisonment before petitioner was adjudicated to be a multiple offender. However, as this initial sentence was vacated following petitioner's multiple offender adjudication, the motion to reconsider was rendered moot and is not pending before the district court. Accordingly, petitioner's claim of prematurity with regard to his challenge to his ninety-nine year multiple offender sentence is without merit.

12

purpose of gaining enough information to prepare an adequate defense. Petitioner, however, provides no specifics regarding what vital information he could have imparted to counsel to buttress his defense. Accordingly, the court finds that petitioner has shown neither a deficiency on the part of counsel nor how he was prejudiced by the alleged deficiency.

### B. Ineffective Assistance of Appellate Counsel

Petitioner argues that appellate counsel was unconstitutionally ineffective due to counsel's failure to raise on appeal the arguments supporting his claim that trial counsel was unconstitutionally ineffective. However, as the state district court noted in rejecting the instant claim in connection with petitioner's post-conviction application, "[i]neffective assistance of counsel is a post-conviction issue", rather than an issue one raises on direct appeal.[13]

Additionally, the same two-part *Strickland* test required in connection with claims of ineffective assistance of trial counsel is also applicable to claims of ineffective assistance of appellate counsel. *See Busby v. Dretke*, 359 F.3d 708, 714 (5th Cir.), *cert. denied*, 541 U.S. 1087, 124 S.Ct. 2812, 159 L.Ed.2d 249 (2004) (citations omitted*)* ("The familiar *Strickland* framework applies to a prisoner's claim that his appellate counsel was ineffective for failing to raise a certain issue on appeal."). Because this court has found no merit to petitioner's arguments that he received ineffective assistance of trial counsel, clearly

---

[13]State rec., vol. 4 of 4.

petitioner suffered no prejudice as a result of appellate counsel's failure to raise these arguments in connection with petitioner's direct appeal. Accordingly, once again, petitioner has failed to satisfy his burden of proof.

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Michael Mosley, be **DENIED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __20th__ day of _____August_____, 2009.

LOUIS MOORE, JR.
United States Magistrate Judge